IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALMA J. SIMS (MILES)                                                                                  PLAINTIFF

vs.                                               Civil No. 4:08-cv-04054

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Alma J. Sims (Miles) ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 5).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her applications for DIB and SSI on July 3, 2006.  (Tr. 11, 42-46, 63-66).  Plaintiff alleged she was disabled due to respiratory problems, diabetes, and neuropathy. (Tr. 67, 433).  Plaintiff alleged an onset date of December 1, 2003.  (Tr. 11, 42, 63).  These applications were initially denied on September 8, 2006 and were denied again on reconsideration

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

on December 19, 2006.  (Tr. 29-30).  On December 27, 2006, Plaintiff requested an administrative hearing on her applications.  (Tr. 27).  This hearing was held on September 11, 2007 in Texarkana, Arkansas.  (Tr. 425-444).  Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had received her G.E.D.  (Tr. 428-429).

On February 13, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 11-17).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2008.  (Tr. 13, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 1, 2003, her alleged onset date.  (Tr. 13, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: asthma, congestive heart failure, and diabetes.  (Tr. 13, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13-14, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 14-16, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible.  (Tr. 15-16).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to perform a full range of light work except she is restricted from temperature extremes; pulmonary irritants; and excessive humidity.

(Tr. 14-16, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") to determine whether she retained the ability to perform her PRW. (Tr. 16-17).   Plaintiff and the VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 425-444). Specifically, the VE testified that Plaintiff's PRW included work as a beautician or cosmetologist (skilled, light). (Tr. 440). The VE also testified that a hypothetical person with Plaintiff's limitations retained the ability to perform this PRW. (Tr. 440). Based upon this testimony and his evaluation of Plaintiff's RFC, the ALJ determined Plaintiff retained the ability to perform her Past Relevant Work ("PRW"). (Tr. 16-17, Finding 6). The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from December 1, 2003 through the date of his decision or through February 13, 2008. (Tr. 17, Finding 7).

On February 15, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On June 25, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On July 8, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 19, 2008. (Doc. No. 5). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the following: (a) the ALJ's RFC determination is not supported by substantial evidence in the record; (b) the ALJ's evaluation of Plaintiff's PRW is not supported by substantial evidence in the record; and (c) the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 1-4). However, all three of these arguments essentially raise the same issue: whether the ALJ erred in evaluating Plaintiff's subjective complaints pursuant to the requirements of *Polaski*.[2] *Id.* Therefore, this Court will only address that issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

---

[2] After reviewing her appeal brief, it appears this is the only argument raised. To the extent Plaintiff attempts to raise other arguments, this Court does not address those arguments because they are not accompanied by any supporting briefing. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. In his opinion, the ALJ outlined the *Polaski* factors, made findings regarding each of those factors, and noted the follow inconsistencies in the record: (1) there was no evidence that any health care provider had restricted Plaintiff from all work activities; (2) Plaintiff acknowledged her breathing and respiratory problems improved when she avoided pulmonary irritants; (3) Plaintiff provided no evidence of diabetic neuropathy; and (4) Plaintiff acknowledged having the ability to perform a wide range of daily activities including driving, cooking, attending church services, walking, and performing household tasks such as washing dishes, ironing, and vacuuming. (Tr. 16). The analysis provided by the ALJ is more than sufficient to meet the requirements of *Polaski*.[4] Therefore, the ALJ's evaluation of Plaintiff's subjective complaints is entitled to deference. *See Lowe,* 226 F.3d at 971-72.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of August, 2009.**

　　　　　　　　　　　　　　　　　　　　/s/   Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

---

[4] Indeed, the ALJ's *Polaski* analysis in this case is the preferred method for examining a claimant's subjective complaints pursuant to *Polaski.*